UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually and on behalf of all others similarly situated

| | |
|---|---|
| Frandy De Jesus Espinal Goris, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. -<br><br>Inter Trucking Inc., and Robinson Caba,<br><br>Defendants. | DOCKET NO. 2:24-cv-3113<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiff Frandy De Jesus Espinal Goris by and through his undersigned attorneys, for his complaint against defendants Inter Trucking Inc., and Robinson Caba allege as follows, on behalf of himself and all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiff Frandy De Jesus Espinal Goris on behalf of himself and all other persons similarly situated, current and former employees of Defendants Inter Trucking Inc., and Robinson Caba (hereinafter collectively referred to as "Defendants") who

1

elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants: (i) compensation for wages paid at less than the statutory minimum wage, (ii) compensation for unpaid wages for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants' violations lacked a good faith basis.

2. Plaintiff further complains that he is entitled to recover from Defendants: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay him overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Frandy De Jesus Espinal Goris is an adult individual residing in the Massapequa, New York.

4. Mr. Frandy De Jesus Espinal Goris consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. Defendant Inter Trucking Inc. is a domestic business corporation operating a trucking service organized under the law of the State of New York with its principal place of business at 84 Walnut Rd, Amityville, NY 11701.

6. At all relevant times, defendant Inter Trucking Inc. was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. At all relevant times, defendant Inter Trucking Inc. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. Upon information and belief, at all relevant times, defendant Inter Trucking Inc. has had gross revenues in excess of $500,000.00.

9. Upon information and belief, at all relevant times herein, defendant Inter Trucking Inc. has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

10. Defendant Robinson Caba is the owner or part owner and principal of Inter Trucking Inc., who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. At all relevant times, defendant Robinson Caba was involved in the day-to-day operations of Inter Trucking Inc. and played an active role in managing the business.

12. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant's business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute its FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since April 25, 2021, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

16. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

17. The Collective Action Members are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

18. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Defendants.

19. The exact number of such individuals is presently unknown but is known by Defendants and can be ascertained through appropriate discovery.

20. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

21. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

22. Defendants had knowledge that Plaintiff and the Collective Class regularly performed work requiring overtime pay.

23. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

24. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.

## FACTS

25. At all relevant times herein, Defendants owned and operated Inter Trucking Inc., a trucking company located in Amityville, New York.

26. Plaintiff Frandy De Jesus Espinal Goris was employed at Inter Trucking Inc. from approximately March 20, 2022, until October 15, 2022.

27. Mr. Frandy De Jesus Espinal Goris was employed by Defendants as a driver.

28. Mr. Frandy De Jesus Espinal Goris' work was performed in the normal course of Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

29. At all relevant times herein, Mr. Frandy De Jesus Espinal Goris was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

30. From March 20, 2022, through October 15, 2022, Mr. Frandy De Jesus Espinal Goris worked six days a week, from Monday through Saturday, from 5 a.m. to 5 p.m., with no breaks and Sunday day off.

31. As a result, Mr. Frandy De Jesus Espinal Goris was typically working approximately 72 hours per week during that period of his employment by Defendants.

32. During his employment with Inter Trucking Inc., plaintiff Frandy De Jesus Espinal Goris had no breaks and did not take nor was given vacation time.

33. During his employment with Inter Trucking Inc., Mr. Frandy De Jesus Espinal Goris was paid weekly always in check at a daily wage of $130 per day.

34. Plaintiff Frandy De Jesus Espinal Goris received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

35. As a result, Plaintiff's effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times.

36. Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

37. At all times relevant herein, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

7

38. At all times relevant herein, Defendants' failure to pay Plaintiff the overtime bonus for overtime hours he regularly worked beyond 40 hours in a workweek was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663, and supporting NYLL regulations.

39. At all times relevant herein, Defendants failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium") in violation of the New York Labor Law.

40. Defendants' failure to pay Plaintiff the spread-of-hours premium for each day he worked a shift lasting in excess of ten hours from start to finish was willful and lacked a good faith basis.

41. Upon information and belief, while Defendants employed Plaintiff, and throughout all relevant time periods, Defendants failed to maintain accurate and sufficient time records of his hours worked, including, inter alia, hours worked beyond 40 hours in a workweek, and days Plaintiff worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours").

42. At all times relevant herein, Defendants failed to provide Plaintiff with accurate and sufficient paystubs or wage statements of any sort that accurately reflect his hours worked and pay.

43. At all times relevant herein, Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, the regular and overtime rates, and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

44. At all times relevant herein, Defendants failed to provide Plaintiff with accurate and sufficient weekly records of his compensation and overtime hours worked, in violation of the Wage Theft Prevention Act.

45. At all times relevant herein, Defendants failed to provide Plaintiff with the weekly records reflecting each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours") and spread-of-hours compensation.

46. Upon information and belief, during Plaintiff's employment by Defendants, before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiff (the "Collective Action Members") in positions at Defendants' business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

9

47. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

48. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

49. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

50. Upon information and belief, these other individuals were not provided by Defendants with required accurate and sufficient wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

51. Upon information and belief, while Defendants employed Plaintiff and the Collective Action Members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate and sufficient records to employees.

52. Upon information and belief, while Defendants employed Plaintiff and the Collective Action Members, and through all

10

relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## **COUNT I**

### **(New York Labor Law – Minimum Wage)**

53. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54. At all relevant times, Plaintiff and each of the Collective Action Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiff's and the Collective Action Members' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

56. Defendants' failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys'

fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

58. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

60. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees, including Plaintiff and the Collective Action Members, for hours they worked in excess of forty hours per workweek.

61. As a result of Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work they performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a),

and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

63. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT III

### (New York Labor Law - Overtime)

64. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Plaintiff and each of the Collective Action Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendants willfully violated Plaintiff's and the Collective Action Members' rights by failing to pay overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

67. Defendants' failure to pay their employees, including Plaintiff and the Collective Action Members, overtime compensation

was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

68. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

69. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

70. At all relevant times, Plaintiff and each of the Collective Action Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71. At all relevant times, Defendants had a policy and practice of refusing to pay their employees an additional hour's pay at the minimum wage for each day worked a shift lasting in excess of ten hours from start to finish.

72. Defendants willfully violated Plaintiff's and the Collective Action Members' rights by failing to pay them "spread-of-hours" premium in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

73. Defendants' failure to pay their employees, including Plaintiff and the Collective Action Members, the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

74. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Wage Theft Prevention Act)

75. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

76. At all relevant times, Plaintiff and each of the Collective Action Members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

77. At all relevant times, Defendants had a policy and practice of refusing to provide their employees with accurate and sufficient wage notices and weekly wage statements required by the Wage Theft Prevention Act.

78. At all relevant times, Defendants willfully violated Plaintiff's and the Collective Action Members' rights by failing

15

to provide accurate and sufficient wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

79. Defendants willfully violated Plaintiff's and the Collective Action Members' rights by failing to provide accurate and sufficient weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

80. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

81. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to

    all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the statutory minimum wage pursuant to New York Labor Law;

f. Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g. An award of liquidated damages as a result of Defendants' willful failure to pay the statutory

17

    minimum wage, and overtime compensation pursuant to 29 U.S.C. § 216;

 h. Liquidated damages for Defendants' New York Labor Law violations;

 i. Statutory damages for Defendants' violation of the New York Wage Theft Prevention Act;

 j. Back pay;

 k. Punitive damages;

 l. An award of prejudgment and post judgment interest;

 m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

 n. Such other, further, and different relief as this Court deems just and proper.

Dated: April 25, 2024

    /s/ Michael Samuel
    Michael Samuel (MS 7997)
    THE SAMUEL LAW FIRM
    1441 Broadway
    Suite 6085
    New York, New York 10018
    (212) 563-9884
    Attorneys for Plaintiff,
    *Individually and on behalf of an FLSA collective action*