UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANDY DE JESUS ESPINAL GORIS, *on behalf*
*of himself and all other persons similarly situated,*

                     Plaintiffs,                  **REPORT AND RECOMMENDATION**
                                                   CV 24-3113 (EK) (ARL)

       -against-

INTER TRUCKING INC. and ROBINSON
CABA

                    Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

Plaintiff, Frandy De Jesus Espinal Goris ("Plaintiff") commenced this putative collective action on April 25, 2024, against the defendants, Inter Trucking Inc. and Robinson Caba ("Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 et seq. ("NYLL").  By Order dated November 18, 2025, District Judge Komitee referred Plaintiff's second motion for a default judgment for a report and recommendation.  For the reasons set forth below, the undersigned respectfully recommends that the motion be granted, and that Plaintiff be awarded damages in the following amounts: (1) $3,006.67 in unpaid minimum wages; (2) $5,130 in unpaid overtime; (3) $2,355 in spread of hour compensation; (4) $10,491 in liquidated damages; (5) $3,760 in prejudgment interest; and (6) $6,324 in attorneys' fees and costs.

## BACKGROUND

### A.    Factual Averments

Defendant Inter Trucking Inc., is a corporation organized under the laws of the State of New York with a primary place of business in Amityville, New York.  Compl. ¶ 5.  According to the complaint, Inter Trucking Inc. is engaged in interstate commerce and has annual gross revenue exceeding $500,000.00 in each of the years at issue.  *Id.* ¶¶ 6-8.  Robinson Caba is alleged to be the owner or part owner and principal of Inter Trucking Inc., who has the power to hire and fire employees, set wages and schedules, and maintain their records.  *Id.* ¶ 10.  According to Plaintiff, Robinson Caba, hired Plaintiff, set his wages and work schedule, maintained his records, and paid his compensation. Pl. Decl. ¶ 6.

Plaintiff was employed by Defendants at Inter Trucking Inc. as a driver, from approximately March 20, 2022, through October 15, 2022. Compl. ¶¶ 26-27. Plaintiff worked a regular schedule of five days per week, from Tuesday through Saturday, from 5:00 a.m. to 5:00 p.m., totaling approximately 60 hours per week; with Sunday and Monday off. In addition, Plaintiff worked one Monday each month, from 5:00 a.m. to 5:00 p.m., resulting in a six-day workweek during those weeks, totaling approximately 72 hours per week; with Sunday day off. *Id.* ¶¶ 30-31. During his employment with Inter Trucking Inc., Plaintiff had no breaks and was not given any vacation time. *Id.* ¶¶ 30, 32. Plaintiff claims he never received any written notices providing information about his regular and/or overtime rates of pay and was never asked to sign any notice acknowledging his regular rate(s) of pay and his overtime rate(s). *Id.* ¶ 43.

Plaintiff was paid weekly by check at a daily rate of $130 per day, totaling $780 per week, and received those weekly amounts for all hours worked each week, regardless of the exact

number of hours worked in a given week.[1] *Id.* ¶¶ 33-34. Plaintiff contends that he never received

any overtime premium for hours worked in excess of forty hours per week. *Id*. ¶ 37. Plaintiff also

alleges he never received spread-of-hours compensation for any shifts he worked exceeding ten

hours in length from start to finish, during his employment by Defendants. *Id*. ¶ 39.

### B.    Procedural History

Plaintiff commenced this action by filing a collective action complaint on April 25, 2024.

ECF No. 1. On May 4, 2024, Plaintiff served Defendants with a copy of the summons and

complaint.  ECF Nos. 6 & 7. Defendants failed to answer or otherwise respond to the complaint.

On November 11, 2024, Plaintiff requested entry of a default.[2]  ECF No. 8.  The certificate of

default was denied on November 21, 2024 because the request failed to indicate it had been

served on Defendants. The request for entry of default was refiled on November 25, 2024 and

default was entered on November 26, 2024. Plaintiff moved for default judgment on June 27,

2025.  ECF No. 15. The motion for default judgment was referred to the undersigned by Judge

Komitee on July 1, 2025. By letter dated September 12, 2025, Plaintiff requested permission to

file an amended motion for default judgment. ECF No. 18. The motion was granted and Plaintiff

was directed to file the amended motion for default judgment by October 7, 2025. Following a

series of extensions the motion for default judgment was ultimately filed on November 17, 2025.

ECF No. 21.

Plaintiff has submitted the Affirmation of Michael Samuel ("Samuel Aff.") along with

attached exhibits and an affidavit of Plaintiff, and a memorandum of law in support of his motion

for a default judgment and damages.  By Order dated November 18, 2025, Judge Komitee

---

[1] These allegations are inconsistent, Plaintiff either received $130 per day or a flat $780 per week, since he alleges the number of days per week worked varied but his paycheck did not.

[2] Plaintiff never sought to conditionally certify this matter and are seeking a default judgment and damages solely on behalf of the named Plaintiff.

referred Plaintiff's motion to the undersigned.  Defendants have not opposed the motion for default judgment, indeed, Defendants have not responded in any way.

## DISCUSSION

### A.        Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a default judgment is made to the district court judge.  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.,* No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law' " prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).  A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

"In the context of a motion for default judgment on FLSA and NYLL claims, 'the plaintiff's recollection and estimates of hours worked are presumed to be correct.'" *Pena v. Super Econ. One Way Supermarket Corp.*, No. 20 CV 3060 MKB PK, 2021 WL 4755603, at *3 (E.D.N.Y. Sept. 8, 2021), report and recommendation adopted sub nom. 2021 WL 4398204 (E.D.N.Y. Sept. 25, 2021) (*citing Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011) ("[I]n the absence of rebuttal by defendants, or where the employer has defaulted, as here, the employee's recollection and estimates of hours worked are presumed to be correct.") (quotations, citations, and alterations omitted)).

### B.      Federal and State Wage Laws

The FLSA requires employers to pay their employees the statutory minimum wage as well as a premium (one and one-half times the regular rate) for hours worked above 40 hours per week. 29 U.S.C. §§ 206, 207.  The NYLL mirrors the FLSA in most but not all respects.  The NYLL also requires employers to pay at least a minimum hourly rate to employees and mandates a similar premium for overtime compensation, but the state law additionally requires that an employee be paid a "spread-of-hours" premium equal to one hour of pay at the statutory minimum wage for each day an employee works over ten hours.  NYLL § 650 et seq.; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12 §§ 142–2.2, –2.4.

The FSLA and NYLL both provide for an additional award of liquidated damages to plaintiffs who establish that their employer has failed to pay required wages.  Specifically, an employer who violates the federal minimum wage and overtime provisions "shall be liable" to employees for unpaid minimum wages and overtime in "an additional equal amount as liquidated damages." 29 U.S.C. § 216 (b).10.  Pursuant to the NYLL, employees may also recover liquidated damages of 100% of wages owed unless "the employer proves a good faith basis for believing

that its underpayment of wages was in compliance with the law." N.Y. Lab. L. § 198(1–a).

Finally, under the NYLL, employees must be provided a written notice of their pay when they are hired and wage statements for each payment of wages. *See* N.Y. Lab. Law §§ 195(1), 195(3), 198(1). Pursuant to section 198(1-b) of the NYLL, an employee who, within ten business days of his or her first day of employment, was not provided with notice in accordance with section 195(1) of the NYLL, is entitled to statutory damages of $50 per day during which the violation occurred, up to a maximum of $5,000. *See* N.Y. Lab. Law § 198(1-b). Section 198(1-d) of the NYLL provides that, with respect to the regular wage statements required pursuant to section 195(3), an employee who has not been provided with such a statement is entitled to recover statutory damages of $250 per day, up to a maximum of $5,000. *See* N.Y. Lab. Law § 198(1-d).

### 1. Employer Status

In order to establish liability under the FLSA, plaintiffs must prove either individual liability or enterprise liability. *See Leon v. Chen*, No. 16-CV-480, 2017 WL 1184149, at *4 (E.D.N.Y. Mar. 29, 2017). Individual liability applies to any individual "engaged directly in interstate commerce or in the production of goods for interstate commerce." *Coley v. Vannguard Urb. Improvement Ass'n, Inc.*, No. 12 CV 5565 PKC RER, 2018 WL 1513628, at *3 (E.D.N.Y. Mar. 27, 2018), as amended (Mar. 29, 2018) (quoting *Tony & Susan Alamo Found. v. Sec'y of Labor,* 471 U.S. 290, 295 n.8 (1985)). To determine who qualifies as an "employer" for purposes of individual liability, the Second Circuit looks to the factors set forth in *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8 (2d Cir. 1984), which are "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment

6

records." *Coley*, 2018 WL 1513628, at \*4.  In contrast, enterprise liability applies to entities that: "(1) perform related activities "for a common business purpose"; (2) have "employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (3) have an "annual gross volume of sales made or business done [ ] not less than $500,000." *Id* \*3 (quoting 29 U.S.C. § 203(r)–(s)).  The courts in this Circuit had often held that the plaintiffs' allegations are sufficient to establish both individual and enterprise liability under the FLSA.

In this case, Plaintiff alleges that Inter Trucking Inc. is engaged in interstate commerce and has annual gross revenue exceeding $500,000.00 in each of the years at issue. Compl. ¶¶ 6-8. Plaintiff also asserts that Robinson Caba is the owner or part owner and principal of Inter Trucking Inc., who has the power to hire and fire employees, set wages and schedules, and maintain their records. *Id*. ¶ 10. According to Plaintiff, Robinson Caba, hired Plaintiff, set his wages and work schedule, maintained his records, and paid his compensation. Pl. Decl. ¶ 6.

Based on the allegations in the complaint and Plaintiff's affidavit, the undersigned finds that Inter Trucking Inc. and Robinson Caba were Plaintiff's employers under the FSLA. Although Plaintiff has asked the Court to infer that Inter Trucking Inc. is engaged in interstate commerce simply by virtue of the fact that it uses goods originating from outside of the state, Inter Trucking Inc. has forfeited any contention that Plaintiff is not entitled to the protection of the FLSA given its default.  *See Gunawan v. Sake Sushi Rest*., 897 F. Supp. 2d 76, 86 (E.D.N.Y. 2012); *see also Huerta v. Victoria Bakery*, No. 10 CV 4754 (RJD) (JO), 2012 U.S. Dist. LEXIS 46407, 2012 WL 1107655 (E.D.N.Y. Mar. 30, 2012) ("It is inconceivable that some of the bread-

7

making materials used by plaintiffs did not originate out of state or that the bakery did not sell its products outside the State of New York.").

In addition, once liability is established under the FSLA, courts will routinely impose liability for NYLL violations. *Rodriguez v. Ridge Pizza Inc.,* No. CV 16-254 (DRH) (AKT), 2018 U.S. Dist. LEXIS 42862, 2018 WL 1335358, at \*7 (E.D.N.Y. Mar. 15, 2018) (citing *Guardado v. 13 Wall St., Inc.,* No. 15-CV-2482, 2016 U.S. Dist. LEXIS 167887, 2016 WL 7480358, at \*5 (E.D.N.Y. Dec. 2, 2016), report and recommendation adopted by, 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016)). Moreover, the NYLL definition of "employer" differs slightly from the FLSA definition in that it "does not require that a [d]efendant achieve a certain minimum in annual sales or business in order to be subject to the law.'" *Id.* (citing *Fermin v. Las Delicias Peruanas Rest., Inc.,* 93 F. Supp. 3d 19, 34 (E.D.N.Y. 2015). "Under the NYLL, 'an employee is simply defined as 'any individual employed or permitted to work by an employer in any occupation.'" *Id.* As such, the Court's analysis under the NYLL "focuses more on 'the degree of control exercised by the purported employer' over the purported employee, 'as opposed to the economic reality of the situation.'" *Id.* For these reasons, the undersigned finds that Plaintiff has also established the existence of an employment relationship within the meaning of the NYLL.

### 2. Employee Status

To establish a claim under the FLSA, Plaintiff must also show that he is an employee of Defendants within the meaning of the FLSA. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 31–32 (E.D.N.Y. 2015). For the purpose of this default motion, Plaintiff qualifies as an employee based on his allegation that he was employed as a driver from March 20, 2022 through October 15, 2022. Compl. ¶¶ 26-27; *see Fermin,* 93 F. Supp. 3d at 31–32 (citing *Garcia v. Badyna*, No. 13 Civ. 4021 (RRM) (CLP), 2014 U.S. Dist. LEXIS 133722, 2014 WL 4728287,

at *5 (E.D.N.Y. Sept. 23, 2014) ("Insofar as Plaintiffs' Complaint alleges that Defendants employed Plaintiffs within this statutory meaning, "[i]t follows . . . that for purposes of this default, [they] qualif[y] as ... 'employee[s]' under the FLSA.")).  Similarly, to recover under the NYLL, Plaintiff must establish that he was an employee as defined by the statute.  *Id.*  In fact, Plaintiff's burden in establishing that he is an employee entitled to NYLL protections is nearly identical to the burden under the FLSA. *Rodriguez v. MRC Bakery Corp.*, 802 F. Supp. 3d 393, 424 (E.D.N.Y. 2025).  In this case, there is no question that Plaintiff qualifies as an employee under both statutes.

### 3.      Statute of Limitations

Before turning to Defendants' actual liability under the statutes, the Court must address the relevant statute of limitations.  The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years.  *See* 29 U.S.C. § 255(a). "When a defendant defaults, the violation is considered 'willful' and the three-year statute of limitations applies." *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 U.S. Dist. LEXIS 47850, 2023 WL 2583856, at *8 (E.D.N.Y. Mar. 21, 2023) (citations omitted). The NYLL establishes a six-year limitations period.  *See* N.Y. Lab Law §§ 198(3), 663(3).  Because Plaintiff has asserted claims under both the FLSA and NYLL, relief is available under either statute.  *See Pineda v. Masonry Const., Inc.,* 831 F. Supp. 2d 666, 676 (S.D.N.Y. 2011). Plaintiff's start date of his employment is March 2022 within the applicable statute of limitations for the FLSA and NYLL and therefore his claims are timely.

### 4.      Failure to Pay Minimum Wage Under the FLSA and NYLL

Both federal and New York State laws mandate employers pay their employees a minimum wage for the first 40 hours that employees work each week.  *See* 29 U.S.C. § 206(a)(1);

N. Y. Lab. Law § 652(1).  Plaintiff was employed from March 2022 through October 2022. Compl. ¶¶ 26-27. For all time relevant to this litigation, Defendants were required to pay Plaintiff the federal minimum hourly wage of $7.25 per hour.  *See* 29 U.S.C. § 206(a)(1)(C) (mandating a minimum wage of $7.25 an hour as of July 24, 2019).  New York State minimum wage for workers in Nassau and Suffolk Counties, however, required a higher hourly minimum wage. Specifically, Defendants were obligated to pay $15.00 per hour after December 21, 2021.  *See* N.Y. Lab. Law § 652(1).  During this period, state and local minimum wage rates were higher than the federal minimum wage rate, and thus, Plaintiff is entitled to compensation under the local minimum wage rate. *Compare* N.Y. Lab. Law § 652(1) (applicable New York minimum wage rate of $15.00 per hour) *with* 29 U.S.C. § 206(a)(1) (federal minimum wage rate of $7.25 per hour after July 24, 2009).

An employer who fails to meet minimum wage obligations under the FLSA and the NYLL "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional amount as liquidated damages."  29 U.S.C. § 216(b); *See* 12 N.Y.C.R.R. § 143-1.3.   "Where, as here, an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be 'calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by that employee during the work week.'" *Shanfa Li v. Chinatown Take-Out Inc*., 812 Fed.Appx. 49, 52 (2d Cir. 2020) (quoting 12 N.Y.C.R.R. § 146-3.5(b)).  "If the employee's regular hourly rate falls below the minimum wage, he is entitled to recover in backpay the difference between what he actually was paid and what he should have been paid for his first forty hours of work each week under the prevailing minimum wage."  *Marin v J&B 693 Corp.* , No. 19-CV-00569 (JGK) (KHP), 2022 US Dist LEXIS 11521 (S.D.N.Y. Jan. 21, 2022).

Here, the Complaint alleges that Plaintiff worked for Defendants from March 20, 2022 through October 15, 2022. Compl. ¶¶ 26-27.  During this period Plaintiff was entitled to $15.00 per hour.  Plaintiff's hourly wage from during the period ranged from $10.83 per hour to $13.00 – Plaintiff states he was paid $130 per day, and that he worked 12 hours per day, however, Plaintiff also states he was paid $780 per week, and he was paid this amount regardless of how many hours he worked in a week. *Id.* ¶ 11.  According to Plaintiff, he worked five days a week for three weeks in the month and six days per week on the fourth. *Id.* ¶9.  Plaintiff has provided a damage calculation, indicating the weeks Plaintiff worked five days per week for $780 and the weeks Plaintiff worked six days per week for $780. ECF No. 22-5.

Plaintiff has provided the following chart detailing his damages:

| Start Date | End Date | No. Weeks | Hours Worked Per Week | Actually Paid Weekly Pay | Actualy Paid Hourly Rate | Lawful NY Min. Wage | Missing Regular Wage | Min. Wage Owed Per Period | |
|---|---|---|---|---|---|---|---|---|---|
| 3/20/2022 | 4/2/2022 | 2 | 60 | $780.00 | $13.00 | $15.00 | $2.00 | $160.00 | |
| 4/3/2022 | 4/9/2022 | 1 | 72 | $780.00 | $10.83 | $15.00 | $4.17 | $166.67 | |
| 4/10/2022 | 4/30/2022 | 3 | 60 | $780.00 | $13.00 | $15.00 | $2.00 | $240.00 | |
| 5/1/2022 | 5/7/2022 | 1 | 72 | $780.00 | $10.83 | $15.00 | $4.17 | $166.67 | |
| 5/8/2022 | 6/4/2022 | 4 | 60 | $780.00 | $13.00 | $15.00 | $2.00 | $320.00 | |
| 6/5/2022 | 6/11/2022 | 1 | 72 | $780.00 | $10.83 | $15.00 | $4.17 | $166.67 | |
| 6/12/2022 | 7/2/2022 | 3 | 60 | $780.00 | $13.00 | $15.00 | $2.00 | $240.00 | |
| 7/3/2022 | 7/9/2022 | 1 | 72 | $780.00 | $10.83 | $15.00 | $4.17 | $166.67 | |
| 7/10/2022 | 8/6/2022 | 4 | 60 | $780.00 | $13.00 | $15.00 | $2.00 | $320.00 | |
| 8/7/2022 | 8/13/2022 | 1 | 72 | $780.00 | $10.83 | $15.00 | $4.17 | $166.67 | |
| 8/14/2022 | 9/3/2022 | 3 | 60 | $780.00 | $13.00 | $15.00 | $2.00 | $240.00 | |
| 9/4/2022 | 9/10/2022 | 1 | 72 | $780.00 | $10.83 | $15.00 | $4.17 | $166.67 | |
| 9/11/2022 | 10/1/2022 | 3 | 60 | $780.00 | $13.00 | $15.00 | $2.00 | $240.00 | |
| 10/2/2022 | 10/8/2022 | 1 | 72 | $780.00 | $10.83 | $15.00 | $4.17 | $166.67 | |
| 10/9/2022 | 10/15/2022 | 1 | 60 | $780.00 | $13.00 | $15.00 | $2.00 | $80.00 | |
| | | | | | | | | $3,006.67 | |

Thus, the undersigned respectfully recommends default judgment be entered on this claim and that Plaintiff be awarded damages on his claim that he was paid less than minimum wage of $3,006.67.

11

### 4.    Unpaid Overtime

Plaintiff also alleges that Defendants violated the NYLL's overtime provisions by failing to pay overtime wages. Specifically, Plaintiff claims that Defendants compensated him at his regular hourly rate without any premium compensation for those hours worked in excess of his first 40 per week.  *See* Pl. Dec. ¶ 14.  Counsel has provided a damage calculation indicating the number of overtime hours worked per week and calculating the overtime pay owed for each week. ECF No. 22-5. Plaintiff has declared he worked either 60 or 72 hours per week, therefore overtime pay was due to Plaintiff for each pay period. According to this calculation Plaintiff is owed $6,983.33 in overtime wages.[3] *Id.* As stated above, the NYLL regulations state that: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate...." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.  As employers subject to the NYLL, Defendants are consequently liable for Plaintiffs' properly pled violation of the statute's overtime requirements.

Because Plaintiff "was unlawfully paid less than the minimum wage, the overtime calculation must be based on the minimum wage to which she was entitled." *Cao v. Chandara Corp.*, No. 00 Civ. 8057(SAS), 2001 U.S. Dist. LEXIS 8631, 2001 WL 34366628, at *6 (S.D.N.Y. July 25, 2001);  *See also Marin v J&B 693 Corp.*, 2022 US Dist LEXIS 11521 ("if a Plaintiff's regular hourly rate fell below the minimum wage, that Plaintiff is entitled to overtime damages equal to one and one-half times the minimum wage rate").  Thus, unpaid overtime wages for Plaintiff are calculated as follows:

---

[3] This calculation is incorrect. Plaintiff is calculating overtime wages owed above the amount actually paid, however, Plaintiff is compensated for the amount paid less than the minimum wage in part one and should not be compensated for that amount again here.

$7.50 which is half the applicable minimum wage for 2022, x 20 hours of overtime per week x 23 weeks of 60 hours per week worked for a total of $3,450; and

$7.50 which is half the applicable minimum wage for 2022, x 32 hours of overtime per week x 7 weeks of 72 hours per week worked for a total of $1,680.

Accordingly, the undersigned finds that a default judgment against Defendants for failure to pay overtime is appropriate under the NYLL.  The undersigned, therefore, recommends that the motion be granted and that Plaintiff be awarded $5,130.

### 6.    Spread of Hours Claims

Plaintiff also contends that Defendants failed to pay him the required extra hours pay for work days exceeding 10 hours. Pl. Mem. at 6. The Court finds that Defendants are liable for violating the spread of hours provisions of the NYLL because they never provided any additional compensation to Plaintiff for shifts that exceeded ten hours in length. "The relevant regulation of the New York State Department of Labor . . . provides, in pertinent part, that, 'in addition to the minimum wage,' if an employee works in excess of 10 hours in a day, '[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate.'" *Chuchuca v. Creative Customs Cabinets Inc.*, 13-Civ.-2506, 2014 WL 6674583, at *10 (E.D.N.Y. Nov. 25, 2014) (quoting N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.4).  Plaintiff alleges that Defendants never paid him any premium even though he worked more than ten hours at least 5 days per work week.  Pl. Dec. *Id.* ¶ 14. In light of the foregoing, the undersigned respectfully recommends that Defendants be found liable to Plaintiff for spread-of-hours pay and that he be awarded $2,355 each based on the following calculation:

23 weeks x 5 hours per week x $15.00 per hour = $1725;
7 weeks x 6 hours per week x $15.00 per hour = $630.

13

### 7. Liquidated Damages

Both federal and state law provide for an additional award of liquidated damages to plaintiffs who establish that their employer has failed to pay required wages. While some court have "disagreed as to whether a plaintiff may secure cumulative awards of liquidated damaged under both statutes," the undersigned agrees with those courts that have concluded that a cumulative award should not be permitted. *See Gunawan,* 897 F. Supp. 2d at 91 (E.D.N.Y. 2012) (citing *Greathouse v. JHS Sec., Inc.*, 2012 U.S. Dist. LEXIS 127312, 2012 WL 3871523, at *7 (S.D.N.Y. Sept. 7, 2012) (collecting cases and concluding that a cumulative award is not permitted)). Under the NYLL, employees may recover liquidated damages of 100% of wages owed unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. L. § 198(1–a); *see also Paulino v. S & P Mini Mkt. Corp.*, 791 F. Supp. 3d 457, 468 (S.D.N.Y. 2025) ("The NYLL allows employees to recover 'an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due' unless the employer 'proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'") (citation omitted); *Soto v. Crismeli Deli Grocery Inc.,* No. 19-CV-10053, 2024 U.S. Dist. LEXIS 114785, 2024 WL 3730115, at *8 (S.D.N.Y. June 28, 2024) ("The amount of liquidated damages is equal to 100% of the amount owed to the [p]laintiffs in unpaid wages, which includes unpaid minimum wage, unpaid overtime, and unpaid spread-of-hours") (citation omitted). Under the NYLL, "liquidated damages are presumed unless defendants can show subjective good faith." *Zubair v. EnTech Eng'g, P.C.*, 900 F. Supp. 2d 355, 360 n. 3 (S.D.N.Y. 2012). As such, the undersigned further recommends that the Plaintiff be awarded $10,491 in liquidated damages.

### 8. Wage Theft Prevention Act Claims

14

Plaintiff also seeks damages due to Defendants' failure to provide them with written notice of his pay when hired and wage statements for each payment of wages under Section 195 of the NYLL. N.Y. Lab. Law §§ 195(1), 195(3).  In the Complaint, Plaintiff alleges only facts demonstrating that a statutory violation has occurred but has not alleged any injury flowing from that violation.[4] In *TransUnion LLC v. Ramirez*, the Supreme Court held that "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." 594 U.S. 413,427 (2021). Applying *TransUnion* to Wage Theft Prevention Act claims, the Second Circuit in *Guthrie v. Rainbow Fencing Inc*. held that in order to bring a claim under Section 195 of the NYLL, "a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm." 113 F.4th 300, 308 (2d Cir. 2024); *see also Yagui v. Republic Bar & Lounge Inc*., No. 25-CV-2674 (MKB), 2026 U.S. Dist. LEXIS 104902, at *30, 2026 WL 1296762 (E.D.N.Y. May 12, 2026); *Ramirez v. Café Royale Rest. Inc*., No. 22-cv-09684 (JHR) (SDA), 2024 U.S. Dist. LEXIS 71341, at *7, 2024 WL 6112595 (S.D.N.Y. Apr. 18, 2024).

Because Plaintiff has not alleged an injury in fact he lacks standing to assert this claim and the undersigned respectfully recommends that default judgment be denied and this claim be dismissed.

### 9.    Prejudgment Interest

---

[4] In Plaintiff's memorandum of law he argues that he has suffered an injury in fact because "Defendants' failure to provide the statutorily required wage notices and wage statements contributed to Plaintiff not being paid properly under the law – a tangible injury - because it deprived Plaintiff of being informed of his legally mandated wage and overtime wage rates." Pl. Mem at 9. However, argument set forth in a memorandum of law cannot change the allegations of the complaint. "It is well established that a party cannot assert a claim for the first time in its motion papers." *Dominick & Dominick LLC v. Deutsche Oel & Gas AG*, No. 14-CV-06445, 2017 U.S. Dist. LEXIS 136192, 2017 WL 3669619, at *5 (S.D.N.Y. Aug. 24, 2017), *aff'd* 756 F. App'x 58 (2d Cir. 2018) (quoting Mignault v. Ledyard Pub. Sch., 792 F. Supp. 2d 289, 301 (D. Conn. 2011); *Vesterman v. Dep't of Educ. of City of New York,* No. 24-CV-2755, 2025 U.S. Dist. LEXIS 193617, 2025 WL 2782408, at *7 (E.D.N.Y. Sept. 30, 2025). ("It is well settled that a party cannot assert a claim for the first time in its motion papers, nor can it attempt to amend its complaint through its motion papers"). Here, no such injury is alleged the Complaint.

Plaintiff also seek pre-judgment interest for their NYLL unpaid wage damages from July 1, 2022 to the date of entry of judgment. Pl. Mem. at 11. "Although it is 'well settled' that pre-judgment interest is not awardable under FLSA where liquidated damages are awarded, 'NYLL permits the award of both liquidated damages and pre-judgment interest.'" *Gil v. Frantzis*, No. 17-CV-1520-ARR-SJB, 2018 U.S. Dist. LEXIS 141132, 2018 WL 4522094, at *15 (E.D.N.Y. Aug. 17, 2018), *report and recommendation adopted as modified,* No. 17 CV 1520 ARR SJB, 2018 WL 4299987 (E.D.N.Y. Sept. 10, 2018) (internal citation omitted). Here, Plaintiff is entitled to an award of pre-judgment interest on his NYLL damages at a rate of 9% per year. *See id.* (citing N.Y. C.P.L.R. § 5004). "Where, as here, unpaid wages are 'incurred at various times, interest shall be computed . . . from a single reasonable intermediate date.'" *Id.* (citing N.Y. C.P.L.R. § 5001(b)). Court have discretion in determining a reasonable date from which to award pre-judgment interest and often use midpoint date of the NYLL claims sought in the litigation. *Id.* The reasonable intermediate date is this case for Plaintiff would, therefore, be July 2, 2022. The total amount ($10,491) at 9% a year for the period July 2, 2022 through June 25, 2026 results in $3,760 in interest for Plaintiff. Thus, the undersigned recommends that prejudgment interest be awarded in the total amount of $3,760.

### D. Attorneys' Fees and Costs

Finally, Plaintiff seeks $5,800 in attorney's fees and $524 in costs for a total of $6324. As a general matter, in determining appropriate attorneys' fees, the "starting point" for calculating a "'presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case –

16

creates a 'presumptively reasonable fee'.") (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany,* 522 F.3d 182, 183 (2d Cir. 2008)).  The Supreme Court held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case."  *Perdue v. Kenny A. Ex rel. Winn*., 559 U.S. 542, 551 (2010) (emphasis in original).  "The lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee."  *Id*. at 553 (citation omitted); *see Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 184, 190-91 (holding a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours).  This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  *Arbor Hill Concerned Citizens Neighborhood Assoc*., 522 F.3d at 190.  The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits," *Polk v. New York State Dep't of Corr. Servs*., 722 F.2d 23, 25 (2d Cir. 1983).  Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC,* 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, *see Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011).  Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances."  *Perdue*, 559 U.S. at 552.

In this case, Plaintiff retained the services of the Samuel Law Firm.  According to the declaration submitted by Michael Samuel ("Samuel"), Plaintiff seeks reimbursement for legal services rendered by Michael Samuel, an attorney that has represented plaintiffs in FLSA for over 18 years, at the rate of $500 per hour. According to the declaration, the Samuel firm devoted 11.36 hours in connection with prosecuting the claims.  To support the request, Samuel annexed contemporaneous billing records.  ECF No. 22.  Courts in this district typically award hourly rates ranging from $300 to $450 per hour for partners in cases such as this. *See Montano v. Mercy Bakery Cafe LLC*, No. 25-CV-2286, 2026 U.S. Dist. LEXIS 125125, 2026 WL 1622743 (E.D.N.Y. June 5, 2026) ("[a]djusted for inflation and market conditions, the Court has found recent forum rates in this District to now be $450-$650 for partners, $300- $450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals) (citation omitted); *Szabados v. Drzewiecki,* No. 23-CV-2505 (LDH) (LKE), 2026 U.S. Dist. LEXIS 36833 (E.D.N.Y. Feb. 23, 2026) (awarding fees of $450 per hour for partners, $350 per hour for senior associates and $250 per hour for junior associates); *Rubin v. HSBC Bank USA, NA,* 763 F. Supp. 3d 233, 243-44 (E.D.N.Y. 2025) (finding hourly rates of up to $650 for partners, $450 for senior associates, and $300 for junior associates reasonable); *Lata v. Live Constr. Corp.*, No. 24 Civ. 5981 (RER) (CLP), 2025 U.S. Dist. LEXIS 194949, 2025 WL 2782336, at *20 (E.D.N.Y. Sept. 18, 2025) ("the prevailing rate for partners is $450 to $650 per hour; for senior associates, it is $300 to $450 per hour; $150 to $300 for junior associates; and $100 to $150 per hour for paralegals"). Counsel's requested fee of $500 is within the acceptable range.

Having determined the reasonable hourly rates to be used in this case, the Court now turns to the reasonableness of the hours billed.  "The number of hours counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary." *Finkel v.*

*Metro Sign & Maint. Corp.*, No. 09 CV 4416, 2010 WL 3940448, at \*16 (E.D.N.Y. Aug. 12, 2010) (citing *Labrera v. Frank J. Batchelder Transp. LLC*, No. 08–CV–3387, 2009 WL 245021, at \*4 (E.D.N.Y. Feb. 2, 2009)). "[M]ost cases in the default judgment context seek well under $10,000 in attorneys' fees because it doesn't take that many hours to obtain a default judgment." *Panora v. Deenora Corp.*, 19-cv-7267 (BMC), 2021 U.S. Dist. LEXIS 231151, 2021 WL 5712119 (E.D.N.Y. Dec. 2, 2021) (citing *Thompson v. Hyun Suk Park*, No. 18-cv-0006, 2020 U.S. Dist. LEXIS 160666, 2020 WL 5822455, at \*11 (E.D.N.Y. Sept. 1, 2020) (seeking $7,425 in fees); *Baizan Guerrero v. 79th St. Gourmet & Deli Inc.*, No. 18-cv-04761, 2019 U.S. Dist. LEXIS 155382, 2019 WL 4889591, at \*11 (E.D.N.Y. Sept. 10, 2019) (seeking $2,025 in fees); *Leon v. Zita Chen*, No. 16-cv-480, 2017 U.S. Dist. LEXIS 46765, 2017 WL 1184149, at \*10 (E.D.N.Y. Mar. 29, 2017) (seeking $5,063.05 in fees)).

Here, the record reflects that the attorneys spent a total of 11.36 hours on this matter. Samuel Aff. ¶25. The time records submitted here describe what tasks were performed on behalf of Plaintiff, the dates on which such tasks were performed, and the amount of time expended. The "high-end amount of hours spent on cases in a similar procedural posture (i.e., a motion for default judgment immediately following the filing of a complaint) is no more than 55 hours total." *Maldonado v. La Nueva Rampa, Inc.,* 2012 U.S. Dist. LEXIS 67058, 2012 WL 1669341, at \*14 (collecting cases). The undersigned finds the number of hours spent by counsel in this action reasonable.

Plaintiff also seeks costs in the amount of $524. Plaintiffs have provided a breakdown in costs, which include filing fees and the cost of service and the undersigned finds this amount reasonable. Accordingly, the undersigned respectfully recommends that Plaintiff be awarded attorneys' fees and costs in the amount of $524.

Accordingly, the undersigned respectfully recommends that Plaintiff be awarded $6,324 in attorneys' fees and costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiff shall serve a copy of this Report and Recommendation on Defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        June 25, 2026

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge
